UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK CHARLES BRANCH, | ) | Civil No. 3:11-cv-00857 AJB (NLS) |
| Petitioner, | ) ) | **ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND ISSUING CERTIFICATE OF APPEALABILITY** |
| v. | ) ) | |
| GARY SWARTHOUT, Warden et al. | ) ) | |
| Respondents.. | ) ) | |
| | ) | [Doc. No. 9] |

On April 21, 2011, Derrick Charles Branch ("Petitioner"), a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to Magistrate Judge Nita L. Stormes for report and recommendation pursuant to 28 U.S.C. § 636. On August 11, 2011, Defendants filed a response to the petition. (Doc. No. 8.) Judge Stormes issued her report and recommendation (the "R&R"), recommending that the petition be denied. (Doc. No. 9.) The R&R also permitted the parties to file objections to the R&R no later than October 28, 2011. On October 7, 2011, Petitioner filed an Objection to Report and Recommendation (Doc. No. 10), which the Court considered before issuing this order. No reply was filed.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the R&R. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

Petitioner objects to Judge Stormes' finding that he lacked due diligence in complying with the one-year statute of limitations to file a federal petition for writ of habeas corpus set forth in 28 U.S.C. § 2244(d). (Doc. No. 10, at 2.) Petitioner also objects to the R&R's findings that there was no due process violation, the appellate court's decision was not an unreasonable application of federal law, and there was no breach of the Petitioner's 1993 plea agreement. (*Id.* at 2, 5-7.)

Petitioner argues that Judge Stormes incorrectly found that the statute of limitations had expired when he filed his habeas petition because an incorrect date of November 13, 2007 was used to measure the commencement of the one-year period of limitations. (*Id.* at 2, 4.) Instead, Petitioner contends that June 23, 2009, the "base date" computed by the Department of Corrections (DOC), is the correct date by which to measure whether the habeas petition was timely. *Id.* Petitioner's objection appears to claim, under 28 U.S.C. § 2244(d)(1)(D), that the limitations period did not begin to run until June 23, 2009, because that is the true date he believes he was to be released and that is when the factual predicate of his claim became known to him. *Id.* June 23, 2009 is the original "base date" noted in the DOC Credit/Term Computation, which finds the maximum eligible parole date for prisoners serving potential life sentences. (Doc. 1-1 at 7.) The "base date" is calculated by adding the DOC's "receiv[al] date" of the prisoner and the "total term" of the sentence. *Id.*

Here, the DOC received Petitioner on June 23, 1994, and he was to serve a total term of 15 years to life. *Id.* Using these dates and terms, the DOC correctly calculated a maximum eligible parole "base date" of June 23, 2009. However, the DOC granted Petitioner 588 days of preconfinement credit for the time he already served in jail, therefore making his true maximum eligible parole date November 13, 2007. (*See* Doc. 1 at 6; Doc. 1-1 at 7.) In light most favorable to Petitioner, November 13, 2007 would have been the date that Petitioner was to be released if he in fact was only serving a 15-year sentence under the plea agreement, as he appears to claim. The factual predicate of Petitioner's claim would have

thus been known to him on November 13, 2007 when the alleged breach occurred and Petitioner was not released. Judge Stormes correctly adopted the DOC's adjusted base date of November 13, 2007, 15 years after Petitioner was confined, as the trigger date for the statute of limitations to file a federal petition for writ of habeas corpus under § 2244(d). (Doc. No. 9, at 4-6). According to this trigger date, the one-year statute of limitations would have expired on November 14, 2008. Therefore, Petitioner's first collateral challenge to his conviction—the habeas petition filed with the superior court in January 2010—was filed over a year late. Petitioner's objection is therefore overruled, and the R&R is adopted on this issue.

Petitioner also objects to the R&R's findings that there was no due process violation, the appellate court's decision was not an unreasonable application of federal law, and there was no breach of the Petitioner's 1993 plea agreement. (Doc. No. 10, at 2, 5-7.)  Petitioner argues that the State violated his right to due process under the 1993 plea agreement "by not observing the effective sentence to 15 years." (*Id*. at 2; *See* Pet. at 11-19.) Petitioner entered a plea agreement in which he knew the maximum sentence he could receive was "15 years to life in State prison." (Lodgment 1 at 3, ¶8a.)  The sentence Petitioner in fact received, "15 years to life," is an indeterminate term. *Id*. A prisoner serving an indeterminate term does not have a right to be released after a set period of time. The appellate court similarly held that Petitioner has no constitutional right to be released from prison after serving 15 years. (Lodgment 5.) Therefore, Judge Stormes properly found that the appellate court's reasoning is not an unreasonable application of federal law. (Doc. No. 9, at 7.) In addition to finding that Petitioner's claim is time barred, the Court adopts the R&R's findings that no due process violation occurred and there was no breach of Petitioner's plea agreement. Petitioner's objections to the R&R on these grounds are likewise overruled.

After reviewing the R&R, the Court finds it to be correct and **ADOPTS** it in full. Petitioner's Writ of Habeas Corpus is **DENIED**. The Court issues a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: December 1, 2011

Hon. Anthony J. Battaglia

1                                                U.S. District Judge