UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK CHARLES BRANCH,<br><br>    Petitioner,<br>v.<br><br>GARY SWARTHOUT, Warden et al.<br><br>    Respondents. | Civil No. 3:11-cv-00857 AJB (NLS)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO ALTER, AMEND, OR VACATE CERTIFICATE OF APPEALABILITY AND DENYING AS MOOT PETITIONER'S MOTION FOR AN EXTENSION OF TIME**<br><br>[Doc. Nos. 17, 14] |

  This is a habeas case under 28 U.S.C. § 2254 filed pro se by state prisoner Derrick Charles Branch ("Petitioner"). On December 1, 2011, this Court adopted the Magistrate Judge's Report and Recommendation, denying Petitioner's request for Writ of Habeas Corpus. (Doc. 11.) The Court found that no due process violation occurred and there was no breach of Petitioner's plea agreement. (Doc. 11.) The Court further adopted the ruling that Petitioner's claim was time barred. (Doc. 11 at 2.)

  At that time, the Court also issued a Certificate of Appealability ("COA"), allowing Petitioner to take his appeal to the Ninth Circuit. On December 12, 2011, Respondents filed the instant Motion to Alter, Amend, or Vacate the COA. (Doc. 17.) On January 9, 2012, the Ninth Circuit remanded the case to the Court so it may specify which issue(s) satisfy the COA standards set forth in 28 U.S.C. § 2253(c)(2). (Doc. 18.) For the reasons set forth below, the Court **GRANTS** Respondents' motion and **VACATES** its prior issuance of the COA.

A petitioner may not appeal a final order in a federal habeas proceeding without first obtaining a COA. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Moreover, "[t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3). Additionally, in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the court held:

> "When the district court denies a petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable *whether the petition stated a valid claim of the denial of the constitutional right* and that jurists of reason would find it debatable *whether the district court was correct in its procedural ruling*." (emphasis added).

Supreme Court precedent "allows and encourages" procedural issues in COA cases to be resolved first. *Slack*, 529 U.S. at 485. This allows courts to quickly and fairly dispose of cases by first resolving the procedural issue "whose answer is more apparent from the record and arguments." *Id*. This avoids unnecessarily spending judicial resources analyzing the merits of a case that is procedurally deficient.

**Whether the District Court was Correct in its Procedural Ruling.**

In the instant case, the petition was dismissed in part on procedural grounds because the statute of limitations deadline was November 13, 2008, and this petition was filed on January 2010. Petitioner contends that June 23, 2009, the "base date" computed by the Department of Corrections ("DOC"), is the correct date by which to measure whether his habeas petition was timely. January 23, 2009 was the original "base date" noted in the DOC computation, which finds the minimum eligible parole date for prisoners serving potential life sentences. (Doc. 1-1 at 7.)

The minimum eligible parole date ("MEPD") is the earliest date on which an inmate serving an indeterminate life sentence may legally be eligible for parole consideration by the Board. Cal. Penal Code § 3041; Cal. Code Regs. tit. 15, §§ 2400, 2401, 3000. An eligible parole date, however, does not establish a release date, but rather is a date which assists the Board in determining when it will schedule the inmate's initial parole consideration hearing. *Id*. The regulations governing parole do not require DOC to determine this date, but it is used on the credit recalculation forms as a base from which to calculate down to the MEPD. *Id*.

Here, despite its unique purpose, Petitioner chose to rely on the "base date" as the trigger date for his statute of limitations. Moreover, Petitioner did not take into account the 588 days of pre-confinement credit, making his true MEPD November 13, 2007. Therefore, jurists of reason would not find it debatable that Petitioner's claim is time barred, as he filed his petition on January 2010, well after the one year statute of limitations had elapsed. 28 U.S.C. 2254(d).

**Whether the Petition Stated a Valid Claim of the Denial of a Constitutional Right.**

Petitioner's argument that the state violated his due process rights by failing to release him after 15 years in prison is unavailing. Petitioner contends that his federal due process rights and right to be free from cruel and unusual punishment have been, and continue to be, violated. However, Petitioner admits he entered into a plea agreement where he was sentenced to 15 years to life. Lodgment 1 at 3, ¶8a. "Branch (Petitioner) was sentenced to an indeterminate term in prison. Indeterminate sentences, i.e. life sentences with the possibility of parole, are not fixed by the trial court." (Doc. 10.; Cal. Pen. Code § 1168(b).)

A life-term sentence for murder is not cruel and unusual punishment. *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991); *United States, v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir. 1991). As long as a "sentence does not exceed the statutory maximum-in this case, which in Petitioners case is life, the Court will not be overturned on Eighth Amendment grounds." *Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997). Moreover, the United States Supreme Court has upheld the constitutionality of indeterminate life sentences with the possibility of parole after a specified period of time. *Ewing v. California*, 538 U.S. 11 (2003); *See Lockyer v. Andrade*, 538 U.S. 63 (2003). So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir.1976).

Here, there is no evidence that Petitioner's sentence is cruel and unusual, racially or ethnically motivated, or enhanced by indigency. There is also no evidence that Petitioner was sentenced improperly under state law or that his sentence otherwise violates the federal constitution. In *Hamilton v. Clark*, No. CIV S- 08-1008 EFB, 2011 WL 4590781, at *5 (E.D. Cal. Sept. 30, 2011), the court stated, "California's determinate sentencing scheme contains some provisions for indeterminate sentences. Petitioner was properly sentenced pursuant to Cal. Penal Code § 190, which provides that, with certain exceptions not

1  relevant here, every person found guilty of second degree murder shall receive a punishment of fifteen years
2  to life."

3        In *Hamilton*, Petitioner too asserted due process rights violations, arguing that "the state ha[d] been
4  improperly interpreting sentences of 25 years to life or 15 years to life as establishing a determinate sentence
5  with a minimum parole release date, instead of an indeterminate sentence." *Id*. at 3.  Hamilton's contentions
6  stemmed from the passage of Proposition 7, which led to the new sentence interpretation. *See Id*.  Here,
7  Petitioner also contends that Respondents are incorrectly administering his prison sentence under
8  Proposition 7 and California Penal Code §190, in violation of his due process rights.  In *Hamilton*, the court
9  ruled that Hamilton's conviction was consistent with Penal Code §190.  *Id*. at 4.  Here, the facts of the case
10 and Petitioner's arguments  appear analogous to those in *Hamilton* and are deserving of the same ruling.

11       Moreover, "a writ of habeas corpus is available under 28 U.S.C. § 2254 *only* on the basis of some
12 transgression of federal law binding on the state courts . . . [and] it is unavailable for alleged error in the
13 interpretation or application of state law."  *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985),
14 *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-98 (9th Cir.1983).  Despite Petitioner's attempt to bring his claim
15 as a violation of his right to due process, it remains a state law claim nonetheless.  *See Little v. Crawford*,
16 449 F.3d 1075, 1083 n. 6 (9th Cir.2006) (citing *Hughes v. Heinze*, 268 F.2d 864, 869-870 (9th Cir.1959).
17 "We cannot treat a mere error of state law, if one occurred, as a denial of due process"; *see also Langford*
18 *v. Day*, 110 F.3d 1380, 1389 (9th Cir.1997) (holding that a petitioner may not "transform a state-law issue
19 into a federal one merely by asserting a violation of due process," and that "alleged errors in the application
20 of state law are not cognizable in federal habeas corpus" proceedings).

21       Because Petitioner had no constitutional right to be released from prison after any fixed period of
22 time, it seems unlikely that jurists of reason would find a valid claim for the denial of a constitutional right.
23 //
24 //
25 //
26 //
27 //
28 //

**Conclusion**

Upon further review of the R&R and Petitioner's objections, as well as the arguments raised in Respondents' Motion to Alter, Amend, or Vacate COA, the Court **GRANTS** Respondents' motion (Doc. 17) and **VACATES** its prior issuance of the COA. Consequently, the Court **DENIES AS MOOT** Petitioner's Motion for an Extension of Time to File a Notice of Appeal. (Doc. 14.)

**IT IS SO ORDERED.**

DATED: January 27, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge